## UNITED STATES v. HARTLEY & GRAHAM.

(Circuit Court, S. D. New York. June 1, 1905.)

### No. 1,245.

CUSTOMS DUTIES—PROTEST—SUFFICIENCY—SPECIFICATION OF WRONG INVOICE.
    Certain imported merchandise, covered by an entry embracing three invoices, was all subjected to the same rate of duty, which, it appeared, was excessive as to one of the invoices. In protesting against the rate of duty the importer specified one of the two invoices on which duty was correctly assessed. *Held*, that the protest should be considered restricted to the invoice which it specified.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Hartley & Graham. Following U. S. v. Schoverling, 146 U. S. 76, 13 Sup. Ct. 24, 36 L. Ed. 893, the Board of General Appraisers held that certain goods classified under the provision for breech-loading shotguns in the tariff act of 1890 (Act Oct. 1, 1890, c. 1244, 26 Stat. 567) should have been classified under the provision for manufactures of metal, on the ground that they were not completed guns, but the separate parts thereof. The protest was sustained by the Board on the merits of the question, without considering the scope of the protest. The protest referred to an importation covered by "entry 106, 617, invoice 6,456," and objected to the imposition of "the rate of 35 per cent. ad valorem and $1.50 specific duty." This entry covered three invoices, each of which related to merchandise assessed with duty at the rates complained of in the protest; and of these three invoices two related to breech-loading guns, properly classified as such at said rate, while the other related to parts of guns, which should have been classified as manufactures of metal, as claimed in the protest. This latter invoice, however, was not the one mentioned in the protest, which (No. 6,456) was one of those relating to merchandise properly classified. On the trial of the case the government argued that the protest of the importers should be restricted to the merchandise covered by the invoice specified therein, and not construed as relating to any of the other invoices. It was urged in behalf of the importers that the protest was sufficient to cover the parts of guns, that it was not necessary to mention particularly any of the invoices, and that,

therefore, notwithstanding the specification of only one invoice, the protest was broad enough to include the entire importation, and might properly be considered as applying to the invoice with respect to which the erroneous classification was made by the collector.

D. Frank Lloyd, Asst. U. S. Atty.

Spalckhaver & Voorhis (William J. Spalckhaver, of counsel), for importers

TOWNSEND, Circuit Judge. The decision of the Board of General Appraisers is reversed, on the ground of the insufficiency of the protest.